Luisa Brunet Vda. de de la Haba, hoy Regina Kercher, demandante y apelada, *v.* Sucn. de Antolín Nin Martínez, compuesta de sus únicos herederos, sus hijos Salvador R. Nin, Dolores, José, María de los Angeles, Milagros y Aurora Nin y Ruiz, demandada y apelante.

Núm. 7933.—*Sometido:* Febrero 12, 1939. *Resuelto:* Abril 25, 1939.

*Edelmiro Soldevila,* abogado de la apelante; *Luis Ríos Algarín,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demandante apelada radicó una moción interesando desestimemos el recurso de apelación interpuesto por la demandada María de los Angeles Nin. Alega que la sentencia recurrida fué dictada en un pleito en cobro de un crédito garantizado con hipoteca constituído por Antolín Nin Martínez, causante de los demandados. Que se dictó sentencia en rebeldía contra todos los demandados excepto la apelante, que contestó la demanda, pero que en el acto del juicio oral manifestó a la corte que desistía de su contestación quedando sometido el caso con la prueba que presentó la demandante.

Alega ésta que el recurso interpuesto por la demandada apelante es frívolo por las siguientes razones:

"(a) Por tratarse como se trata de una demanda en cobro de una hipoteca por la vía ordinaria, no habiendo presentado la demandada prueba de clase alguna ni existiendo cuestión de hecho o de derecho a determinar por esta corte, siendo el único motivo y propósito de este recurso entorpecer y dilatar el cobro y ejecución de la sentencia, a sabiendas de que la suma que se reclama es una deuda líquida, cierta y exigible que nunca ha sido liquidada por la apelante.

"(b) Que la apelante desistió de su contestación, según aparece claramente de la sentencia dictada, no habiendo 'issue' alguno a determinar por este Hon. Tribunal.

"(c) Que la sentencia dictada en este caso equivale a un desistimiento voluntario de sus alegaciones por la apelante, no teniendo el carácter de apelable."

En oposición a la de la apelada, radicó otra la apelante en la que señala varios defectos en la prueba, algunos de los cuales, de existir, causarían la revocación de la sentencia.

■■■■ Es un hecho no controvertido que se trata del cobro de un crédito cuya certeza consta en una escritura de hipoteca, y establecida le existencia del crédito, la prueba de su extinción incumbe al deudor. Artículo 1168 del Código Civil, edición 1930. Pero en este caso la acción no va dirigida contra el deudor original sino contra sus supuestos herederos, y en tal caso, en adición a la certeza del crédito, es

preciso probar las circunstancias demostrativas de que la demandada es responsable de la obligación reclamada. No se nos ha presentado una copia de la demanda para poder determinar la índole de la acción ejercitada, pues mientras de la moción de desestimación se infiere que se trata de una acción real hipotecaria por la vía ordinaria, en su alegato sostiene la apelada que la acción ejercitada es la personal en cobro de dinero. Tampoco nos ha presentado una transcripción de evidencia o exposición del caso que nos ponga en condiciones de determinar si en la corte inferior se probaron todas las alegaciones esenciales de la demanda, pues el hecho de que un demandado desista de su contestación y se abstenga de presentar prueba no releva al actor de probar su caso. Como a la parte que solicita la desestimación del recurso por frívolo incumbe demostrar la frivolidad que alega, y como la apelada no la ha probado, *procede denegar la desestimación solicitada.*